**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMBERLINA LEA,<br><br>         Plaintiff,<br><br>v.<br><br>MID CITY DIVISION POLICE DEPARTMENT, et al.,<br><br>         Defendants. | Case No.: 3:22-cv-01003-RBM-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 2); and**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE** |

  On July 11, 2022, Plaintiff Kimberlina Lea ("Plaintiff") filed a complaint against the Mid City Division Police Department, and Officers Joshua Clabough, Ace Ybanez, Jason Gonzalez, Kevin Cummings, Miles McCardle, David Burns, and Joshua Leiber. ("Defendants"). (Doc. 1.) Plaintiff did not pay the required filing fee and instead filed a motion to proceed in forma pauperis ("IFP Motion"). (Doc. 2.) For the reasons outlined below, the Court **GRANTS** Plaintiff's IFP Motion, and **DISMISSES WITHOUT PREJUDICE** the action.

## I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). Under 28 U.S.C. § 1915, however, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The facts of an affidavit of poverty must be stated "with some particularity, definiteness and certainty." *Id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

Here, Plaintiff states that she is unable to pay the costs of these proceedings. (Doc. 2 at 1.) Plaintiff and her spouse are currently unemployed, and Plaintiff receives income in the amount of $1,400 per month from EBT food assistance payments. (*Id*. at 4.) Plaintiff's Complaint alleges she has received income from Temporary Assistance for Needy Families (TANF) within the last 12 months, but the amount of this assistance is not specified in the pending IFP Motion. (Doc. 1 at 6.) Plaintiff and her spouse have no assets in any checking or savings accounts. (Doc. 2 at 2.) The only asset Plaintiff owns is a 2005 Cadillac Escalade valued at $5,000. (*Id*. at 3.) Plaintiff's monthly expenses for rent, food, transportation, and renter's insurance total $3,857. (*Id*. at 4.) Plaintiff has three dependents who rely on her or her spouse for support. (*Id*. at 3.) After considering Plaintiff's application, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Accordingly, Plaintiff's IFP Motion is **GRANTED**.

/ / /

/ / /

## II.     SCREENING

A complaint filed by a plaintiff proceeding IFP is subject to screening under 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). This statute requires the court "to dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

### A.  Rule 8 Standard of Review

A complaint fails to state a claim for relief if it does not satisfy Federal Rule of Civil Procedure ("Rule") 8(a). Rule 8(a) requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. PRO. 8(a)(1)–(3); *see also Rivera v. First Student*, No. 18-CV-04033 NC, 2018 WL 10468016, at *2 (N.D. Cal. July 27, 2018). If a complaint does not meet these requirements, it is subject to dismissal. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (affirming dismissal of a third amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of complaints that "were confusing and conclusory and not in compliance with Rule 8").

Rule 8(d)(1) requires that each allegation in the complaint be "simple, concise, and direct." FED. R. CIV. PRO. 8(d)(1). Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This rule "applies to good claims as well as bad," and it is a reason for dismissing a complaint that is independent of Federal Rule of Civil Procedure 12(b)(6). *McHenry*, 84 F.3d at 1179.

/ / /

### B. Discussion

Having reviewed Plaintiff's Complaint, the Court finds that it fails to comply with Rule 8 in a number of regards.

First, Plaintiff has not included "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. PRO. 8(a)(1). A plaintiff bears the burden of establishing "subject matter jurisdiction." This jurisdiction can arise in two ways: (1) as "federal question" jurisdiction under 28 U.S.C. § 1331; or (2) as "diversity of citizenship" jurisdiction" under 28 U.S.C. § 1332. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Under federal question jurisdiction, "courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, each plaintiff must be a citizen of a different state than each of the defendants, and the "amount in controversy" must exceed $75,000. 28 U.S.C. § 1332(a); *see, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A plaintiff can allege the "citizenship" of individuals by stating where the individual is "domiciled," or where they permanently reside. The citizenship of a corporation is where the entity is incorporated or has its principal place of business.

Plaintiff's Complaint itself fails to mention the grounds for the Court's jurisdiction. (*See* Doc. 1.) While the civil cover sheet Plaintiff filed states diversity jurisdiction as the basis for the Court's jurisdiction (Doc. 1-1), the Court notes a discrepancy regarding Plaintiff's place of domicile. While Plaintiff's Complaint includes a home address for Plaintiff in Henderson, Nevada (*see* Doc. 1 at 1), Plaintiff's civil cover sheet notes that Plaintiff is a citizen *both* of this state (California) and of another state (Nevada). (*See* Doc. 1-1.) "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Additionally, a person "may have only one domicile at a time." *Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004). Accordingly, the Court is unable at this time to determine if it can exercise diversity jurisdiction over this case.

Second, Plaintiff has not included "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PRO. 8(a)(2). Plaintiff's Complaint alleges officers of the Mid City Police Department shot and killed her father, Richard Price, in July 2020. (Doc. 1 at 2.) Plaintiff notes her father was carrying an "airsoft pellet gun which is legal." (*Id.*) Plaintiff further alleges that the police officers used "excessive force" in an altercation with her father despite the officers' knowledge that Mr. Price was "under the influence," and that in doing so, Mr. Price's civil rights were violated. (*Id.*)[1] Based on these allegations, it appears Plaintiff intended to file claims pursuant to 42 U.S.C. § 1983 against the Defendants related to her father's death. *See Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) ("Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."). Plaintiff has not included, however, any statement of the specific claims she is bringing against each of the Defendants. Additionally, to the extent Plaintiff is bringing Section 1983 claims against Defendants, it appears the basis for the Court's jurisdiction would be federal question jurisdiction, not diversity jurisdiction as Plaintiff indicated on the civil cover sheet.

Given Plaintiff's failure to state both the grounds for the Court's jurisdiction over this dispute, as well as the specific claims she is bringing against each of the Defendants, the Court finds that Plaintiff has not complied with the pleading requirements in Rule 8. Accordingly, the Court finds dismissal appropriate under Rule 8 and 28 U.S.C. § 1915(e)(2)(ii).

///

///

///

---

[1] The Court notes that a page appears to be missing from Plaintiff's Complaint, or a portion of the Complaint appears to be cut off, as page 2 ends by stating "I AND MY ATTORNEY WILL . . ." and page 3 begins by stating "LOOSE. AND HE WAS TERRIFIED . . ." (*See* Doc. 1 at 2–3.)

### III.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's IFP Motion is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(ii).  Plaintiff is granted leave to amend her pleading to cure the deficiencies identified above by **September 12, 2022**.  The Court cautions that if Plaintiff fails to file an amended complaint or request an extension of time to do so by this date, this action will be dismissed.

**IT IS SO ORDERED**.

DATE:  July 29, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE